
**ORIGINAL**

**FILED**

05/23/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0100

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 23-0100

**STATE OF MONTANA,**

Plaintiff and Appellee,

v.

**ANTHONY CRAIG WEIMER,**

Defendant and Appellant.

**FILED**

MAY 2 3 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

---

Self-represented Appellant Anthony Craig Weimer petitions this Court for rehearing of an April 11, 2023 Order, stating that this Court overlooked his question concerning his request for stay and release. In the Order, this Court denied his various requests: his motion to disqualify the Justices; his request for disclosure; his request for emergency suspension of the rules, and his emergency motion to stay judgment and for immediate release.

Weimer puts forth that the District Court "should have stayed execution of sentence pending appeal." He provides a copy of the District Court's order where, following the March 29, 2023 hearing, the court denied his renewed motion to stay his sentence. He states that the court's denial was due to Weimer not having a chemical or mental health evaluation. Weimer alleges violations of due process of law at the hearing and missing transcripts on appeal. He also requests copies of other documents from the court's record.

Weimer has had two hearings in the District Court concerning his request for a stay and his release pending appeal. The District Court explained that Weimer's citation to § 46-9-107, MCA, did not apply because the court's judgment did not impose a fine only and a District Court, not a Justice Court, rendered the conviction and judgment. Harmonizing § 46-9-107, MCA, with § 46-20-240(2), MCA, the District Court concluded that "[a]dmittance to bail is thus a prerequisite to a stay." The court pointed out that

because Weimer did not cooperate with the presentence investigation report prior to sentencing, the court had no information to determine Weimer's risks and needs in contrast to the public's safety.

Weimer has not provided any criteria, pursuant to M. R. App. P. 20(1), to warrant rehearing. This Court considered Weimer's previous requests and provided the reasons for denial in its Order. We point out that in a March 30, 2023 filing with this Court, Weimer provided a copy of the State's motion concerning his transport to the District Court for the hearing. His renewed arguments lack merit. We conclude again that Weimer is not entitled to a stay of his sentence or release because the District Court is the appropriate venue to entertain his motions. Upon review of this Court's docket, the transcripts were filed on May 5, 2023. Weimer should have received the notice, re-sent on May 12 after being returned. Since then, additional transcripts have been placed in his pending appeal.[1] Weimer should receive another notice, sent on May 19, 2023.

Weimer should place his arguments concerning his conviction and sentence in his briefs on appeal. We further point out that Weimer's opening brief is due on or before Monday, June 19, 2023. Therefore,

IT IS ORDERED that Weimer's Petition for Rehearing is DENIED.

IT IS FURTHER ORDERED that Weimer's final request for other District Court documents is GRANTED and the Clerk of the Supreme Court will mail copies of the listed documents from the District Court record: #1, 2, 4, 14, 18, 22, 26, 28, 29, 100, 108, and 128, to Weimer at his last known address.

The Clerk is directed to provide a copy of this Order to counsel of record and to Anthony Craig Weimer personally.

DATED this 23rd day of May, 2023.

_____
Chief Justice

---

[1] In early April and May, 2023, the additional transcripts were inadvertently filed in Weimer's "closed" appeal, No. DA 22-0537, because that case number was listed on the cover sheet.

2

_____

_____

_____

_____
Justices

3